```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLEN L. FEINGOLD, et al.      :      CIVIL ACTION
                               :
          v.                   :
                               :
LIBERTY MUTUAL GROUP, et al.   :      NO. 11-5364
```

MEMORANDUM

Bartle, J.                                        December 6, 2011

Pro se plaintiffs Allen L. Feingold ("Feingold") and Barbara Quinn as executrix of the estate of Theresa Thompson ("Thompson") bring this diversity action against Liberty Mutual Group, Liberty Mutual Insurance Company, Liberty Guard Auto Company, and Liberty Mutual Fire Insurance Company (collectively "Liberty Mutual") for bad faith insurance coverage in violation of 42 Pa. Cons. Stat. Ann. § 8371.  Before the court is the motion of Feingold for disqualification of defense counsel, Marshall, Dennehey, Warner, Coleman and Goggin ("Marshall, Dennehey").

                                I.

This action arises out of a claim made by Thompson for uninsured motorist ("UM") benefits under her policy with Liberty Mutual after suffering injuries in a motor vehicle accident. Thompson, with Feingold as her counsel, filed suit in the Court of Common Pleas of Philadelphia County after Liberty Mutual refused to pay the UM benefits.  She then filed a motion to

compel arbitration which the court granted. The arbitration panel awarded Thompson $90,000 but found that Liberty Mutual was only obligated to pay a third of the award if it was determined that Thompson had other available insurance coverage. Liberty Mutual rejected the award. After several years, Quinn as executrix of Thompson's estate petitioned the Court of Common Pleas for confirmation of the arbitration award. The court granted the petition and entered judgment in the amount of $90,000 plus interest in Thompson's favor. Liberty Mutual has since appealed the order confirming the award to the Superior Court of Pennsylvania.

Feingold moves to disqualify Marshall, Dennehey based on the actions of David Wolf, Esquire ("Wolf"). Wolf was an employee of Liberty Mutual from 1986 to 2007 and appeared as counsel on its behalf in the Thompson matter in the Court of Common Pleas.

Wolf is now an attorney with Marshall, Dennehey. He withdrew his appearance in the Thompson state court action on August 2, 2011. Wolf has never appeared on behalf of Liberty Mutual in this court. Instead, William C. Foster, Esquire and Allison B. Goldis, Esquire of Marshall, Dennehey represent Liberty Mutual in this action.

II.

Our Court of Appeals has instructed that "[a]lthough disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case,

disqualification never is automatic."  United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980).  Instead, disqualification is a matter committed to the discretion of the court.  Id.  A court must consider "the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions."  Id.  Disqualification is appropriate when necessary to "[e]nsure the parties receive the fair trial which due process requires."  In re Estate of Pedrick, 482 A.2d 215, 221 (Pa. 1984).

Motions to disqualify opposing counsel are not favored.  E.g., Hamilton v. Merrill Lynch, 645 F. Supp. 60, 61 (E.D. Pa. 1986).  The party seeking disqualification bears the burden of proving that disqualification is necessary.  Cohen v. Oasin, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994) (citing Commercial Credit Bus. Loans, Inc. v. Martin, 590 F. Supp. 328, 335-36 (E.D. Pa. 1984)).  "Vague and unsupported allegations are not sufficient to meet this standard."  Id. (citing Commercial Credit Bus. Loans, 590 F. Supp. at 335-36).

Feingold first argues that Marshall, Dennehey is engaged in a "dual advocacy role" by reason of Wolf's past involvement in the underlying state court action.  Feingold also asserts that Marshall, Dennehey "has acquired confidential information from plaintiffs which is material to the defense in the present bad-faith litigation."

An advocate may not undertake representation adverse to the interests of a present or former client in the same or a "substantially related" matter. Pa. R. Prof. Cond. 1.7, 1.9; see also Maritrans v. Pepper, Hamilton & Scheetz, 602 A.2d 1277, 1284 (Pa. 1992). Here, Wolf represented Liberty Mutual in the state court action, and he is now employed by the firm which represents Liberty Mutual in this litigation. Thus, neither Wolf nor Marshall, Dennehey represents a client with interests adverse to those of a current or former client. Neither Wolf nor any other attorney from Marshall, Dennehey represented Thompson in the state court action.

There is simply no support for Feingold's claim that counsel for Liberty Mutual owe a fiduciary duty to Thompson or her estate. UM claims "are inherently and unavoidably arm's length and adversarial." Condio v. Erie Ins. Exch., 899 A.2d 1136, 1144 (Pa. Super. 2006). This is because "the insured is naturally and inherently seeking to maximize his recovery of general damages, while the insurer seeks, within reasonable limits, to minimize that recovery." Id. Both the insurer and insured are entitled to have separate legal counsel to advocate for their own interests. Id.; see also Phillip v. Clark, 560 A.2d 777, 779 (Pa. Super. 1989). Here, Liberty Mutual and Thompson were adverse parties in the UM litigation and were represented by separate counsel.

Contrary to Feingold's assertions, there is no reason to believe that Marshall, Dennehey has "acquired confidential

information from plaintiffs" through Wolf's involvement in the state court action. Any information provided by Feingold and Thompson to Wolf could not have been privileged or "confidential" because Wolf was opposing counsel and therefore a third party. E.g., United States v. Rockwell Int'l, 897 F.2d 1255, 1265 (3d Cir. 1990).

There is also no reason to disqualify Marshall, Dennehey based on Feingold's statement that Wolf and possibly other members of Marshall, Dennehey will be "necessary witnesses" at trial. Under the Pennsylvania Rules of Professional Conduct, "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." Pa. R. Prof. Cond. 3.7(a). However, "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by [other conflict of interest rules]." Id. at 3.7(b).

When dealing with a motion to disqualify counsel based on the opposing party's desire to call the attorney as a witness, a court must ensure that ethical rules are not abused for tactical reasons. Kehrer v. Nationwide Ins. Co., No. 248, 1994 WL 805877, at *4 (Phila. C.P. Aug. 9, 1994). The party seeking disqualification must demonstrate that the testimony: (1) is material; (2) cannot be obtained elsewhere; and (3) would be prejudicial to the testifying attorney's client. Id.

Here, Feingold has not set forth any specific facts from which this court can conclude that Wolf or other

unidentified attorneys from the Marshall, Dennehey firm will be "necessary" witnesses.  Pa. R. Prof. Cond. 3.7(a).  It is unclear why any of the facts known by Wolf or other counsel for Liberty Mutual regarding the denial of Thompson's UM claim cannot be obtained through documents or other employees of Liberty Mutual.  Furthermore, Rule 3.7(b) permits Marshall, Dennehey to continue its representation of Liberty Mutual even if Wolf or another attorney from the firm is called as a witness at trial as long as a different attorney from the firm acts as trial counsel.

Finally, Feingold claims that Marshall, Dennehey should be disqualified because of "its own potential liability exposure."  He posits that Marshall, Dennehey will somehow be exposed to a malpractice action by "Wolf's acts and omissions, both before and after his departure from the defendants' employ, [which] form the basis of much of the conduct complained of in this bad-faith litigation."  Feingold cites Comment 10 to Rule 1.7 of the Pennsylvania Rules of Professional Conduct, which states that:

> The lawyer's own interests should not be permitted to have an adverse effect on representation of a client.  For example, if the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice.

Pa. R. Prof. Con. 1.7, cmt. 10.

The mere possibility of a potential malpractice claim against an attorney does not result in automatic disqualification.  See Lease v. Rubacky, 987 F. Supp. 406, 408

(E.D. Pa. 1997).  Where claims against an attorney are largely speculative and unlikely to be pursued, disqualification is not necessary.  See Hamilton, 645 F. Supp. at 61-62.  Furthermore, Liberty Mutual has not raised reliance on the advice of counsel as an affirmative defense to the bad faith action, and therefore the actions of Wolf and Marshall, Dennehey are not at issue. See, e.g., Amquip Corp. v. Admiral Ins. Co., 231 F.R.D. 197, 198 (E.D. Pa. 2005); McAndrew v. Donegal Mut. Ins. Co., 56 Pa. D. & C.4th 1, 14 (Phila. C.P. 2002).  As discussed above, Feingold cannot assert this defense on behalf of Liberty Mutual in a motion for disqualification simply to gain a tactical advantage or to harass the opposing party.

Accordingly, the motion of Feingold for disqualification will be denied.