IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA QUINN, Executrix of the Estate of Theresa Thompson, deceased | : : : : | CIVIL ACTION |
| v. | : : | |
| LIBERTY MUTUAL GROUP, et al. | : | NO. 11-5364 |

MEMORANDUM

Bartle, J.  March 7, 2013

Plaintiff Barbara Quinn has sued defendants Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company (collectively, "Liberty Mutual") for bad faith in failing to pay benefits under an insurance policy issued by defendants to plaintiff's decedent, Theresa Thompson.[1] Before the court is the motion of defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the

---

1. Plaintiff also incorrectly included Liberty Mutual Group and Liberty Guard Auto Company as defendants in this action.

non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  After reviewing the evidence, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Plaintiff's decedent, Theresa Thompson, a New Jersey citizen, sustained serious personal injuries on June 24, 1997, when she was involved in a car accident in Philadelphia with an uninsured motorist.  At the time of the accident Ms. Thompson was the owner of an auto insurance policy issued to her in New Jersey by defendants.  Plaintiff alleges Liberty Mutual acted in bad faith under Pennsylvania law when it refused to pay an arbitration award for uninsured motorist benefits entered in plaintiff's favor on February 4, 2003.  Defendants counter that they acted with the reasonable belief that New Jersey law applied, which permitted them properly to reject the arbitration award and demand trial.  According to defendants, they made a demand for trial on March 5, 2003, via letter to plaintiff's counsel.

In Pennsylvania, bad faith actions against an insurance company are governed by the Pennsylvania Bad Faith Statute, 42 Pa. Cons. Stat. Ann. § 8371, which provides for interest, punitive damages, court costs and attorney fees against an insurer who has acted in bad faith toward a policyholder.  Though the statute does not define bad faith, Pennsylvania courts have held that bad faith refers to "any frivolous or unfounded refusal

to pay proceeds of a policy; it is not necessary that such refusal be fraudulent." Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994). An insurer who did not have a reasonable basis for denying benefits and knew or recklessly disregarded its lack of a reasonable basis in denying the claim may be liable for bad faith. See Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000). Bad faith has also been described as conduct which "imports a dishonest purpose" and involves the insurer's breach of a known duty "through some motive of self-interest or ill-will." Romano v. Nationwide Mut. Fire Ins. Co., 646 A.2d 1228, 1232 (Pa. Super. 1994).

New Jersey has no bad faith statute, but its courts recognize a common law cause of action for breach of the implied duty of good faith and fair dealing arising out of a contract. If a claim is "fairly debatable," an insurer cannot be held liable for bad faith. Pickett v. Lloyd's, 621 A.2d 445, 453 (N.J. 1993).

We need not decide whether Pennsylvania or New Jersey law applies since plaintiff, who ultimately has the burden of proving bad faith, has failed to come forth with evidence sufficient to create a genuine dispute of material fact as to her claim under the law of either state. A plaintiff opposing summary judgment must identify specific facts in the record which, if believed, would allow a reasonable jury to find in her favor. She may not merely deny the assertions made by the defendant. Celotex, 477 U.S. at 322 n.3; Port Authority of New

York and New Jersey v. Affiliated FM Ins. Co.</u>, 311 F.3d 226, 233 (3d Cir. 2002).  Plaintiff's two-page brief in opposition to summary judgment does nothing more than deny the assertions made by defendants in their brief.  Nowhere in her brief does plaintiff identify any facts in the record which would support her claim for bad faith.  She merely states that "defendants' refusal to pay the arbitration award here presents issues of fact regarding whether such refusal was frivolous or unfounded."  She does not point to any evidence that could support the required elements of a bad faith claim.  As such, summary judgment in favor of defendants is appropriate.